# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3669 and 01 C 1844 | **DATE** | 7/11/2003 |
| **CASE TITLE** | Stanley Davis Jones vs. Sheriff Michael Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due      .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **ENTER MEMORANDUM OPINION AND ORDER.** Defendants' motions *in limine* to bar evidence of or reference to plaintiff's murder trial or charges [doc. # 114], physical details of his sexual conduct with Mr. Kester on July 28, 1999 [doc. # 113], and Mr. Jones's prior sexual assault charge, trial or conviction [doc. # 112] are granted; plaintiff's motion *in limine* to bar evidence of Mr. Jones's other convictions [doc. # 117] is granted as to the theft of services conviction and denied as to the possession of narcotics conviction; and defendants' motion to exclude testimony or reference to constitutional violation of Raphael Valderama [doc. # 111] is provisionally granted. The parties are admonished to advise their witnesses of these rulings, and to take steps to assure that the witnesses do not offer testimony on the matters excluded by this ruling.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | JUL 14 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | AR | | 148 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 03 JUL 11 PM 2:02 | 7/11/2003 | | |
| | | | date mailed notice | | |
| JJK | courtroom deputy's initials | FILED | JJK mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |

STANLEY DAVIS JONES, )
)
    Plaintiff, )
) Nos. 99 C 3669 and 01 C 1844
vs. )
) Magistrate Judge Schenkier
SHERIFF MICHAEL SHEAHAN, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

In these consolidated cases brought pursuant to 42 U.S.C. § 1983, the plaintiff, Stanley Jones, sues for alleged constitutional violations he suffered while at the Cook County Department of Corrections ("Cook County Jail"). The matter is set for a jury trial to commence on July 21, 2003. Presently before the Court are four motions *in limine* filed by Mr. Jones, and one motion *in limine* filed by the defendants.[1] The Court's rulings on these motions are set forth below.[2]

### I.

Mr. Jones moves for an order barring defendants from offering evidence or making reference to murder charges brought against Mr. Jones, and a murder trial in *State v. Stanley Jones*, Case No. 97 CR 1475701 (Circuit Court of Cook County). While the parties have not made this completely

---

[1] In an Order dated June 17, 2003 (doc. # 124), the Court granted (without objection) Mr. Jones's motions to bar any reference to him as being a "jailhouse lawyer" and to allow him to be present throughout trial in street clothes rather than prison garb; granted (again, without objection) the defendants' motion *in limine* to bar the testimony of any witness who has not previously been identified; and denied defendants' motions *in limine* to bar the plaintiff from calling defendants Sheahan or Falasco as witnesses, and to bar the testimony of Pedro Manzanales and Jonathan Bartlett. The Court also deferred for ruling at trial the plaintiff's motion *in limine* to bar the testimony of James Byrne, and defendants' motion *in limine* to bar the testimony of plaintiff's expert witness Dr. Craig Beyer. The defense withdrew their motion *in limine* to bar any reference to the plaintiff's medical condition.

[2] Pursuant 28 U.S.C. § 636(c) and the consent of the parties, Case Nos. 99 C 3669 (doc. ## 23-25) and 01 C 1844 (doc. ## 42-44) have been reassigned to this Court for all proceedings, including the entry of final judgment. By an Order dated April 16, 2002, the cases were consolidated (No. 01 C 1844: doc. # 41).

clear, it appears that Mr. Jones was convicted of murder after the trial in that matter, and that his conviction is now pending on appeal. Mr. Jones argues that evidence of this murder conviction is irrelevant, and thus should be barred under Fed. R. Evid. 402. Mr. Jones also argues that any conceivable probative value of the evidence would be substantially outweighed by the danger it would cause unfair prejudice, and that the evidence thus should be barred under Fed. R. Evid. 403.

In opposing the motion, the defendants offer two theories of relevance for the evidence of the murder charge, neither of which is persuasive. *First*, the defendants argue that the murder charge against Mr. Jones is relevant to the merits of their defense. According to the defendants, Mr. Jones complains that he was placed in a wing of the Cook County Jail with dangerous inmates, and that evidence of the murder charge against Mr. Jones is relevant to show why the defendants placed Mr. Jones in that wing. However, we do not read Mr. Jones's complaint as alleging that he should have been housed with individuals charged with nonviolent offenses as opposed to those charged with violent offenses. Rather, Mr. Jones's complaint is that the defendants have an alleged practice of housing non-gang members together with members of gangs; that Mr. Jones was a member of an identifiable group (non-gang member detainees) who were targeted by gang members; and that certain defendants knew of this risk and yet failed to take any precautions to address it. *See Jones v. Sheahan*, No. 99 C 3669, 2000 WL 1377114, at *5-6 (N.D. Ill. Sep. 25, 2000). We do not view the murder charge against Mr. Jones as probative of Mr. Jones's claim, or of any defense in the case.

*Second*, the defendants argue that the murder conviction is relevant under Fed. R. Evid. 609 to impeach Mr. Jones's credibility. In aid of this argument, the defendants cite *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992), for the proposition that "[t]he idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." This argument, however,

2

ignores that *Gora* addressed the version of Rule 609 that existed before the 1990 amendments. As amended in 1990, Rule 609 takes a different tack: it "reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything to do with credibility reach undesirable results." Advisory Committee Notes to 1990 Amendments to Rule 609.

Under Rule 609(a)(2), evidence of a prior conviction is admissible, without regard to the balancing test under Rule 403, "if it involved dishonesty or false statement." The Advisory Committee Notes to the 1990 Amendments to Rule 609 explain that dishonesty or false statement as used in the Rule requires that the offense involve "some element of deceit, untruthfulness or falsification." The offense of murder is a crime of violence, and does not fall within that category. *Compare Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985) ("a conviction for rape [is] not highly probative of credibility").

Under Rule 609(a)(1), evidence of a crime other than one involving dishonesty or false statement that is punishable by death or imprisonment of in excess of one year "shall be admitted, subject to Rule 403." We believe that the balance here tips in favor of excluding the murder conviction. The offense of murder is not highly probative of credibility, and the risk that unfair prejudice would result from the admission of that evidence is substantial. Admitting evidence of Mr. Jones's murder conviction might lead a jury to deny Mr. Jones an award "not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent." *Earl v. Denny's, Inc.*, No. 01 C 5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002).

Accordingly, the Court grants plaintiff's motion *in limine* to exclude any evidence or reference to the plaintiff's murder trial or charges.

## II.

In Case No. 01 C 1844, the parties have stipulated that on July 31, 1999, Mr. Jones was attacked while at Cook County Jail by three inmates who beat him with parts of a mop, causing him to suffer a broken wrist and other injuries (*see* Final Pretrial Order, Tab 3, Stipulations Nos. 17-18). There is no dispute that three days before that attack, on July 28, 1999, Mr. Jones engaged in a sex act with a cellmate at Cook County Jail (04/04/03 Jones Dep. at 13, 16). The parties have stipulated that on July 29, 1999, the cellmate accused Mr. Jones of sexual assault (Final Pretrial Order, Tab A, Stipulation No. 13). Mr. Jones alleges that the July 31, 1999 attack was in retaliation for the alleged sexual assault of Mr. Jones's cellmate (04/04/03 Jones Dep. at 33; *see also* pages 11-12, 31, 34-36). Mr. Jones also claims that a correctional officer, Eleanor Kyles, facilitated the attack and/or failed to stop it sooner once it occurred, because of a bias that she allegedly has against Mr. Jones for his sexual preference (*Id.* at 29-31, 33-34).

Mr. Jones has filed motions *in limine* to bar the defendants from offering any evidence of or making any reference to the physical details of the sex act that occurred on July 28, 1999, and to the fact that in the spring of 2003 Mr. Jones was tried and convicted for criminal sexual assault in connection with the sexual encounter he had with his cellmate on July 28, 1999. Again, Mr. Jones claims this evidence should be excluded under Rule 402 as irrelevant, and under Rule 403 as unfairly prejudicial. For the reasons that follow, we agree.

*First*, neither the details of any sex act between Mr. Jones and his cellmate, nor Mr. Jones's trial and conviction for criminal sexual assault in connection with that activity, is probative of

Mr. Jones's claims concerning the July 31, 1999 attack. While at one point Mr. Jones asserted a claim in this case that he was wrongfully accused of sexual assault, that allegation was dismissed from the case in an order entered by the then-presiding district judge on August 8, 2001 (No. 01 C 1844: doc. # 15).

Nor is evidence of the details of Mr. Jones's sexual encounter with his cellmate or the subsequent criminal proceedings otherwise relevant. Mr. Jones claims that his attackers were motivated by desire to retaliate because of his cellmate's accusation that Mr. Jones had sexually assaulted him. The correctness of that accusation (which proof of the criminal conviction might be offered to show) would not advance Mr. Jones's case or the defense of those claims. What matters are questions such as whether the accusation was made (which is stipulated), whether the attackers knew of that accusation, whether that accusation was the motivation for their attack, and Ms. Kyles's actions (or inactions) and the reasons for them. Neither the details of the sex act nor the criminal proceedings would shed light on those matters.

Moreover, any arguable probative value of this evidence is substantially outweighed by the risk of unfair prejudice it would create. Allowing evidence concerning the details of the sexual conduct between Mr. Jones and his cellmate would run the risk of inflaming jurors who might be offended by the activity (either because it was a homosexual encounter or because it occurred inside prison walls). Similarly, allowing evidence of Mr. Jones's conviction for criminal sexual assault would run the risk of inflaming the jury and inducing it to base a verdict on a distaste for Mr. Jones's conduct (which was found criminal) rather than on the evidence concerning whether there was a violation of his rights several days later. And, admitting the evidence of the details of the sexual conduct and the criminal proceedings would run the risk of creating jury confusion, by inviting the

jury to focus on whether a sexual assault in fact occurred rather than on the issues presented in this case.

*Second*, defendants' argument for the admissibility of the criminal sexual assault conviction fares no better under the theory that it is proper impeachment under Rule 609. Criminal sexual assault is not a crime of "dishonesty or false statement," and thus it may be admitted only if it is punishable by imprisonment in excess of one year and passes muster under the balancing test in Rule 403. Criminal sexual assault is punishable by imprisonment in excess of one year: Mr. Jones received a 30-year sentence (04/03/03 Jones Dep. at 25). However, Mr. Jones's sexual assault conviction must be excluded under Rule 403 because any probative value it may have on the issue of credibility is substantially outweighed by the danger of unfair prejudice. The Seventh Circuit has trenchantly stated that evidence of prior convictions is not admissible to "stink up" a witness's character, but only to "shed light on the witness's credibility." *United States v. Nealy*, 980 F.2d 1074, 1080 (7th Cir. 1992). A conviction for sexual assault is not highly probative of credibility. *Christmas*, 759 F.2d at 1292 (a conviction for rape is not highly probative of credibility). On the other hand, there is a substantial risk here that if the jury learns of Mr. Jones's criminal conviction for criminal sexual assault against his cellmate, "it will view him as a 'bad person' not because he is a liar (since this sex offense is not highly probative of credibility), but rather because he would perpetrate a sex offense that jurors might find odious." *Earl*, 2002 WL 31819021, at *9.

Accordingly, the Court grants plaintiff's motions to bar evidence of or reference to (a) the physical details of the sexual act on July 28, 1999, and (b) Mr. Jones's criminal assault charge, trial, or conviction relating to that sexual act. In so ruling, the Court does not bar the parties from eliciting evidence that Mr. Jones was accused by a cellmate of sexual assault, a fact to which the parties have

stipulated (Pretrial Order, Tab A, Stipulation No. 13), or evidence as to whether Mr. Jones's attackers or Ms. Kyles were aware of the accusation. What may not be elicited by any party is evidence concerning the details of the sexual encounter, Mr. Jones's version of what occurred between him and his cellmate on July 28, 1999, or that criminal law proceedings resulted from his cellmate's accusation.

### III.

Plaintiff moves to bar any evidence of or reference to Mr. Jones's convictions (other than the convictions for murder and criminal sexual assault discussed above) which fall outside of the scope of permissible impeachment under Rule 609. Through the briefing of this motion, it has emerged that there are two particular convictions that are the subject of this motion: (a) a 1994 guilty plea to the offense of theft of services, for which Mr. Jones received a sentence of two days with time considered served; and (b) a 1996 conviction for possession of a controlled substance, for which Mr. Jones received a sentence of four years probation. We address each of these convictions in turn.

Mr. Jones argues that the guilty plea for theft of services is inadmissible under Rule 609(a) because, under Illinois law, that offense is a Class A misdemeanor and thus not punishable by imprisonment in excess of one year. *See* 720 ILCS 5/16-3 (defining the offense as a misdemeanor); *see also* 730 ILCS 5/5-8-3(1) (providing that the sentence for a Class A misdemeanor may be for any term less than one year). That argument provides a good reason why the conviction is not admissible under Rule 609(a)(1). But, that argument succeeds fully only if the conviction does not involve a crime of dishonesty, and thus falls outside the scope of Rule 609(a)(2) — which does not require that the offense carry a potential punishment in excess of one year.

7

Although neither party addresses this point, our independent research persuades us that this offense does not fall within the scope of Rule 609(a)(2). In *United States v. Amechi*, 991 F.2d 374 (7th Cir. 1993), the appeals court affirmed the trial judge's exclusion of evidence that a witness had a prior misdemeanor conviction for shoplifting an amount less than $150.00, for which she had received a three-month period of supervision. The court reasoned that the offense of shoplifting – at least when it involved a petty amount – did not "involve the kind [of dishonesty] contemplated by Congress in drafting the Rules of Evidence." 991 F.2d at 378, 379 n. 2. The court explained that including shoplifting as a Rule 609(a)(2) offense "would swallow the rule and allow any past crime to be admitted for impeachment purposes." *Id.* at 379. *See also United States v. Galati*, 230 F.3d 254, 261 (7th Cir. 2000) (shoplifting a cassette tape, resulting in a fine of $35.00, was not a crime of deceit); *French v. Amsleep, Inc.*, No. 01 C 9824, 2003 U.S. Dist. LEXIS 445, at *7 (N.D. Ill. Jan. 13, 2003) (holding that petty shoplifting does not in and of itself qualify as a crime of dishonesty under Rule 609(a)(2). The theft of services to which Mr. Jones pled appears to have involved riding the elevated train without paying the appropriate fare. Under the reasoning of the foregoing cases, we find that this offense does not fall within the scope of Rule 609(a)(2), and thus we exclude it.

As for the conviction for possession of a controlled substance, that offense does not involve dishonesty for false statement. Thus, the admissibility of evidence of the conviction for that offense is governed by Rule 609(a)(1). The conviction meets the requirements that the potential sentence exceed one year, and further satisfies the requirement of Rule 609(b) that the conviction occurred within the prior 10 years. The only issue is whether the probative value of that conviction would be substantially outweighed by the unfair prejudice of its admission. The defense has offered no argument to explain why the probative value of this evidence is not substantially outweighed by

unfair prejudice. The plaintiff has offered only the argument that admission of the evidence could lead the jury to decide the case on the improper basis of a dislike for perceived drug users (Pl.'s Reply at 2).

In deciding this question, we emphasize that Rule 403 does not mandate (or even allow) the exclusion of evidence merely because it is prejudicial; it is only a showing of *"unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1987) (emphasis in original). The plaintiff here has not met that burden. While it may be the case that possession of drugs is not "highly probative" of credibility, that does not mean that it has no probative value whatsoever. Thus, we consider whether the potential for unfair prejudice is so great that it would *substantially* outweigh the limited probative value the conviction may have as to credibility. We think not. Certainly, evidence of a conviction for drug use does not carry with it the same potential for inflaming the jury as do convictions for murder or for sexual crimes. Like many crimes, evidence of a drug use offense may diminish a witness's credibility and image in the eyes of a jury. If that alone were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1). But, Rule 609(a)(1) clearly contemplates that convictions, other than those involving dishonesty or false statement, often will be admitted. We therefore believe that something more than the general negative impression a conviction may create as to credibility is needed to tip the balance in favor of exclusion. Here, the plaintiff has failed to provide that "something more" in the way of unfair prejudice. Accordingly, the Court denies the motion to exclude the drug possession conviction.

# IV.

Finally, defendants have moved to exclude testimony or reference to constitutional deprivations of Raphael Valderama. The defendants expect that Mr. Valderama, whom the plaintiff has listed as a witness he will call at trial (Final Pretrial Order, Tab 4A), will testify about conditions that he experienced at Cook County Jail. As explained in open court on June 17, 2003, the defendants do not object to his testimony as such, but they do seek to exclude any hearsay testimony by Mr. Jones about alleged constitutional violations or deprivations that Mr. Valderama allegedly suffered.

The plaintiff argues that he should be able to testify about Mr. Valderama's alleged experiences, not as substantive evidence that Mr. Valderama suffered constitutional deprivations but rather to support assertion that he was providing assistance to Mr. Valderama in legal matters and that, in retaliation for that assistance, was transferred to a new division and unit that would assure he would be attacked (Amended Compl. in 99 C 3369, ¶ 17). Based on how it has been presented in the motion papers, the Court does not see a legitimate non-hearsay basis for Mr. Jones to testify about assaults Mr. Valderama claims to have suffered. To the extent that evidence is relevant, Mr. Valderama can testify about events that he experienced. To the extent that Mr. Jones wishes to offer testimony that the reason for his transfer was the legal assistance he was providing to Mr. Valderama, Mr. Jones has not offered a reason why it is necessary to discuss the specific nature of that legal assistance.

Accordingly, the Court provisionally grants defendants' motion *in limine* to exclude hearsay testimony by Mr. Jones concerning assaults that Mr. Valderama allegedly suffered. This ruling is

without prejudice to Mr. Jones making an offer of proof, at side bar, as to the basis for allowing Mr. Jones to testify on the matters excluded by the ruling on this motion *in limine*.

## CONCLUSION

For the foregoing reasons, defendants' motions *in limine* to bar evidence of or reference to plaintiff's murder trial or charges (doc. # 114), physical details of his sexual conduct with Mr. Kester on July 28, 1999 (doc. # 113), and Mr. Jones's prior sexual assault charge, trial or conviction (doc. # 112) are granted; plaintiff's motion *in limine* to bar evidence of Mr. Jones's other convictions, (doc. # 117) is granted as to the theft of services conviction and denied as to the possession of narcotics conviction; and defendants' motion to exclude testimony or reference to constitutional violation of Raphael Valderama (doc. # 111) is provisionally granted. The parties are admonished to advise their witnesses of these rulings, and to take steps to assure that the witnesses do not offer testimony on the matters excluded by this ruling.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: July 11, 2003**

11